## WARNER CO. v. ORAPELLO.
### No. 5440.

Circuit Court of Appeals, Third Circuit.
July 11, 1934.

Langdon W. Harris, Jr., and Herman & Harris, all of Philadelphia, Pa., for appellant.

C. Donald Swartz, of Philadelphia, Pa., Theodore R. Haviland, of Gloversville, N. Y., and Swartz, Campbell & Henry, of Philadelphia, Pa., for appellee.

374

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

This was an action by a widow for damages sustained by her in the death of her husband caused, as was alleged, by the negligence of the defendant. The assignments of error raise the alleged error of the trial judge in refusing to grant a new trial on the ground of after discovered evidence.

■ The granting of a new trial is a question for a trial court, and an appellate court has no jurisdiction to review such action, save where the trial court has abused the discretion vested in it.

■ In this case the present appellant filed affidavits setting forth what such evidence was and asked to take proofs to substantiate the allegations in the affidavits. The court, in disposing of the motion, assumed the testimony, if taken, would so substantiate the affidavits, but, conceding this, held: "The defendant is now prepared to prove that the plaintiff as surviving widow has suffered no real loss but is on the whole a gainer in that she has been rid of a worse than worthless husband. An all sufficient answer is that the defendant has not brought itself within the well settled rules relating to after discovered evidence. All they now bring forward was as easily within their reach before the trial as afterwards.

Without passing on the question whether the facts sought to be proved would have been admissible in evidence, we agree with the court below that the alleged after-discovered evidence could, by due diligence, have been discovered before trial. We have considered the other questions raised in the assignments and, finding no error, the appeal of the Warner Company, defendant, is dismissed.